

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 20, 2020

By ECF

**MEMO ENDORSED**

Honorable Ona T. Wang
United State Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Antonelli v. Saul*, 19 Civ. 5986 (OTW)

Dear Judge Wang:

    This Office represents the Commissioner of Social Security, defendant in the above-referenced action pursuant to 42 U.S.C. § 405(g) (the "Act"), challenging a decision by the Commissioner of Social Security to deny plaintiff's application for benefits.  On November 9, the Supreme Court granted the petitions for certiorari in *Carr v. Saul*, No. 19-1442, and *Davis v. Saul*, No. 20-105.  As directed by Your Honor on November 12, 2020 (ECF No. 28), the parties jointly and respectfully submit this ~~joint~~ letter regarding the impact that the United States Supreme Court's pending review of those consolidated appeals will have on the Appointments Clause argument in the instant action.

    The Supreme Court consolidated *Carr* and *Davis* for briefing and oral argument, and a decision on the merits would likely be issued by June 2021.  The instant action includes an Appointments Clause argument that raises the same question presented in *Carr* and *Davis*, *i.e.*, whether Appointments Clause challenges to administrative law judges ("ALJs") of the Social Security Administration ("SSA") are subject to administrative forfeiture.  There are also several appeals pending in the Second Circuit that raise the same issue.

    The parties respectfully note that this Court would need to address Plaintiff's separate merits-based challenge to the underlying ALJ's decision even if the Supreme Court rules that Appointments Clause challenges to SSA's ALJs are subject to administrative forfeiture; conversely, Plaintiff prevailing on her merits-based challenge to the ALJ's decision would not moot the Appointments Clause issue in the instant case because, absent extenuating circumstances not present here, the matter would likely be handled by the same ALJ on remand.

    Plaintiff therefore respectfully proposes that the instant litigation be stayed pending the Supreme Court's decision in the consolidated appeals.  The Commissioner does not oppose this proposed stay.

Thank you for Your Honor's consideration of this matter.

        Respectfully,

        AUDREY STRAUSS
        Acting United States Attorney

By:    /s/ Joseph A. Pantoja
        JOSEPH A. PANTOJA
        Assistant United States Attorney
        Tel.: (212) 637-2785
        Fax:  (212) 637-2750

cc: Lewis B. Insler, Esq. (by ECF)

> Parties are directed to meet and confer and submit a joint status letter fourteen days after the Supreme Court issues a decision in *Carr* and *Davis*. The letter shall indicate whether: (1) the parties intend to renew their pending motions at ECF 20 and/or 24, or (2) the parties consent to remand.
>
> The Clerk of Court is respectfully directed to STAY the case and administratively close ECF 20 and 24.
>
> SO ORDERED.
>
> _____
> Ona T. Wang   Nov. 23, 2020
> U.S.M.J.